IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EVELIA VALDEZ DE MACIEL,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD INN PROVO; and JOHN AND JANE DOE I through X,<br><br><br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**<br><br>Case No. 2:07-CV-00581 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Defendant Fairfield Inn Provo (Fairfield Inn), moved to compel Plaintiff Evelia Valdez de Maciel (Plaintiff) to answer interrogatories and produce documents, and for attorney fees. After the motion was filed, Plaintiff made partial answers to the discovery. This order compels the outstanding discovery.

### Discovery History

1.　Fairfield Inn sent its first set of written discovery requests on September 5, 2008.[1]

2.　Plaintiff failed to respond to the discovery requests or request an extension of time by the October 6, 2008 deadline.[2]

3.　On October 16, 2008, Fairfield Inn sent a letter to Plaintiff's counsel in an effort to meet and confer without the Court's intervention.[3] In that letter, Fairfield Inn's counsel notified Plaintiff's counsel that a motion to compel would be filed if Plaintiff did not respond to the Discovery Requests within five days of the date of the letter.[4]

4.　On October 29, 2008, Fairfield Inn filed this motion to compel Plaintiff to answer

---

[1] Defendant's Motion to Compel Discovery at 1, docket no. 13, filed October 29, 2008.
[2] *Id.*
[3] The letter is attached as Exhibit 2 to the Declaration of Lauren Shurman, attached as Exhibit A to the Memorandum in Support of Defendant's Motion to Compel Discovery at 3, docket no. 14, filed October 29, 2008.

certain interrogatories and respond to certain discovery requests.

5.  On October 31, 2008, plaintiff provided Fairfield Inn with Plaintiff's Answer to Request for Discovery.[5]

6.  Plaintiff's response was untimely and was made two weeks after the letter of October 16 and two days after the instant motion was filed.

7.  Plaintiff's Answer to Discovery Requests did not fully respond to Fairfield Inn's discovery requests.[6]

8.  On November 12, 2008 counsel for Fairfield Inn sent Plaintiff's counsel a letter advising of deficiencies in Plaintiff's responses.[7]

9.  Plaintiff has not responded the November 12, 2008 letter.[8]

10. Plaintiff's memorandum on this motion which was filed November 28, 2008, does not mention the November 12, 2008 letter.[9]

### Review of Discovery and Requests

Plaintiff has still not adequately answered Fairfield Inn's discovery requests.[10] Plaintiff's discovery responses[11] are deficient in the following respects:

<u>Interrogatory No. 6</u>:  In this interrogatory, Fairfield Inn asked Plaintiff to identify every incident of discrimination, harassment, retaliation or inappropriate conduct she claims to have suffered at Fairfield Inn.  In response, Plaintiff produced documents identifying one or two incidents, and stating that "[t]his has happened several times." Fairfield Inn is entitled to know of each incident of wrongful conduct she alleges.

---

[4] Memorandum in Support of Defendant's Motion to Compel Discovery at 3.
[5] Response to Defendant's Motion to Compel, docket no. 17, filed November 28, 2008.
[6] Reply Memorandum in Support of Defendant's Motion to Compel at 2, docket no. 20, filed December 11, 2008.
[7] *Id.* at 5.  A copy of the November 12, 2008 letter is attached to the Reply Memorandum as Exhibit A.
[8] *Id.*
[9] Response to Defendant's Motion to Compel, docket no. 17, filed November 28, 2008.
[10] The discovery requests are attached as Exhibit 1 to the Declaration of Lauren Shurman.
[11] The discovery responses are attached as Exhibit B to Plaintiff's Response to Defendant's Motion to Compel.

Interrogatories 7, 8-10 and 14: Fairfield Inn's Interrogatory No. 7 asked Plaintiff to identify every person to whom Plaintiff reported alleged harassment, discrimination, retaliation or inappropriate treatment.  Plaintiff's only response, apart from untimely objections,[1] is "See Answer to Interrogatory No. 7."  Moreover, Plaintiff's response to Interrogatories 810 and 14 is also "See Answer to Interrogatory No. 7."  These are not adequate responses to the interrogatories.  Plaintiff must provide a full and complete answer to each and every interrogatory.

Interrogatories 15-16 and 18: Fairfield Inn asked Plaintiff for information regarding steps she took to obtain employment after she left Fairfield Inn, as well her subsequent employment history and benefits from subsequent employers.  In response to these interrogatories, Plaintiff purports to submit documents detailing this information.  None of the documents provided, however, contains such information.  Plaintiff must provide full and complete answers to each of these interrogatories.

Request for Production No. 7: Fairfield Inn requested Plaintiff's income tax returns for the relevant period.  Plaintiff raised only untimely objections and has not provided those documents.  The objections are overruled and Plaintiff shall provide the documents requested.  Because Plaintiff did not timely submit her responses or obtain an extension of time, her objections to Fairfield Inn's discovery requests have been waived.[12]

Despite Plaintiff's attempt to respond, Fairfield Inn is still entitled to an order compelling Plaintiff to respond to its discovery requests.  Additionally, it is entitled to an award of attorney fees, since Plaintiff did not respond to Fairfield Inn's requests in a timely manner and, in fact, has still not responded adequately to Fairfield Inn's requests.

---

[12] Fed. R. Civ. P. 33(b)(4) and 34(b)(2).

## ORDER

IT IS HEREBY ORDERED that on or before December 30, 2008,

    1.    Plaintiff shall respond fully and without objection to Interrogatories 6-10, 14-16 and 18, and to Request for Production No. 7; and

    2.    Defendant shall submit proof of expenses, including reasonable attorneys fees incurred in the motion.

IT IS FURTHER ORDERED that on or before January 6, 2009, Plaintiff may respond to the claim for expenses incurred in the motion.

DATED this 16th day of December, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer